Opinion by
White, P. J.
§ 7 3 4. Jurisdiction legally acquired cannot be defeated by pleading a defense without the jurisdiction of the court; case stated. Scarborough was indebted to B. W. & Co. $287, which was secured by lien upon a tract of land. He claims to have sold a one-fourth interest in the land to Powell, for $400; that Powell was to pay off the debt to B. W. & Co. and discharge the lien on the land; but not having the money to do this, it was agreed that they would together execute a note to B. W. & Co. for the debt due said firm. This note was signed by both of them, and indorsed by one Smith, who received from Powell certain notes as collaterals to indemnify himself against said indorsement. When the note fell due Smith paid it, and Powell subsequently paid Smith, and then brought this suit to recover the amount of Scarborough, alleging that Scarborough was principal in the note, and that he, Powell, was a surety only. Scarborough pleaded that the note was executed by Powell for the land which he, Scarborough, had sold him, and that he, Scarborough, signed the note as surety for Powell, and not as principal. This answer was stricken out, and judgment was rendered for Powell. Held: The answer was properly stricken out. It virtually asked the court to enforce a verbal contract for the sale of land, which was in contra *645 vention of the statute of frauds, and presented a defense which was not within the jurisdiction of the court. Jurisdiction legally acquired cannot be defeated by a defendant by pleading a defense which can only be enforced in another forum.
May 27, 1885.
Affirmed.